B. F. KIRK ET AL., APPELLANTS, VS. HENRY VAN-
PETTEN, APPELLEE.

MORTGAGE—CAN NOT BE FORECLOSED BEFORE DEBT IS DUE, OR CON-
DITION BROKEN.

In the absence of any provision in a mortgage entitling the mortga-
gee to a foreclosure thereof prior to the time the debt falls
due that is secured thereby, a court of equity can not decree
foreclosure thereof until the time limited for the payment of
such debt has expired.

Appeal from the Circuit Court for Hernando
county.

The facts are stated in the opinion.

*Henderson & Raney* and *Theo. S. Coogler*, for Ap-
pellants.

*W. S. Jennings*, for Appellee.

On the 16th of December, 1893, a mortgage on real
estate was executed by B. F. Kirk and wife to Henry
VanPetten to secure the sum of eleven hundred dol-
lars, evidenced by a promissory note of same date, pay-
able ten years after date, with interest from date at the
rate of ten per cent. per annum. The mortgage re-
cites that it was given to secure the eleven hundred
dollars and interest thereon, and conveyed the real es-
tate to VanPetten, his heirs and assigns. The proviso
is that "if the said party of the first part shall pay all
taxes and assessments against said property, and shall
cause insurance policy to be taken out on the house
now occupied by B. F. Kirk in the sum of four hun-
dred dollars, and have said policy properly assigned
to a party of the second part for such interest as he

may have in said property, and keep said house so insured during the term hereof, and pay all premiums and charges thereon, and otherwise keep said property in good repair, and cultivate the orange grove above mentioned in a good and workman-like manner, and otherwise keep the property fenced and in good repair, and shall pay or cause to be paid unto the party of the second part, his heirs or assigns, the said sum of eleven hundred dollars in lawful money of the United States, and the interest, taxes, insurance, cultivation and repairing, and all covenants and agreements herein according to the true tenor, intent and meaning thereof, and of said promissory note when and as the same shall become due, then this indenture shall become null and void; but otherwise shall remain in full force and effect.'' The mortgage also contained an express agreement that in case any proceedings at law or in equity should be had or taken to foreclose the mortgage or enforce the payment of the note and interest thereon, the first party should pay to the second party a reasonable sum as fees for attorneys, to be adjudged against and paid out of the mortgaged property. On the 24th of October, 1895, a bill was filed, making the mortgage and note a part thereof, for the purpose of foreclosing the mortgage, alleging that the entire sum secured had become due upon a default in keeping the property in good repair, in not cultivating the grove as stipulated, that the property had not been kept fenced, the taxes had not been paid for the year 1894, nor the interest or any part thereof paid. On subsequent proceedings the court decreed the entire debt to be due, and ordered the mortgaged property to be sold to pay the same, together with costs of suit and attorneys' fees.

The mortgage debt did not become due by express stipulation until ten years after the date of the note, and there is no provision in the mortgage, express or by legal inference, that the note shall become due before the date of its maturity therein fixed by reason of the defaults alleged.   A court of equity will not decree a foreclosure of a mortgage until the time limited for payment has expired, as it can not shorten the time given, by express covenant and agreement between the parties, and thereby alter the nature of their written agreement.   Harshaw vs. McKesson, 66 N. C. 266. The suit to foreclose was premature and the decree rendered was erroneous.   An order for reversal will be entered.

*Per Curiam.*