MASSIE E. WHITE, AND L. W. FENNELL, SHERIFF AND *ex officio* ADMINISTRATOR OF THE ESTATE OF J. H. WHITE, DECEASED, APPELLANTS, VS. L. C. GRACEY AND A. W. MC-DONALD, PARTNERS TRADING UNDER THE FIRM NAME OF GRACEY & MCDONALD, APPELLEES.

Upon a bill filed to foreclose a mortgage given to secure payment of a note due five years after date, with interest payable annually, containing a stipulation that if any part of the interest stipulated to be paid by the note should remain due and unpaid for ........ days after maturity, the whole of the balance of the principal sum and interest thereby secured should become due and payable at the option cf the mortgagee, it was error to decree foreclosure for the principal sum where the bill filed before the

S.C.41

expiration of the five years, alleged that several install-ments of interest remained due and unpaid, but failed to allege that the mortgagees had ever exercised the option to regard the principal sum due by reason of failure to pay the interest, and prayed only that the mortgage be foreclosed for the amount of interest due, with attorney's fees, and certain sums alleged to have been paid out by the mortgagees for taxes.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Evans Haile* (with whom was I. J. Carter on the britf), for Appellants.

*W. H. Palmer*, for Appellees.

CARTER, P. J.

On November 26th, 1897, appelleees filed their bill in equity in the Circuit Court of Alachua county to foreclose a mortgage executed by appellant Massie E. White and her husband, J. H. White, upon certain real estate, the property of said appellant. The bill was filed against appellant Massie E. White and L. W. Fennell, the admin-istrator of J. H. White who died prior to the institution of the suit. A decree *pro confesso* was duly entered against the administrator, but Massie E. White filed an answer denying that she executed, acknowledged and de-livered the mortgage sought to be foreclosed and the note

which it purports to secure. Complainants filed their replication to the answer, testimony was taken and at the hearing the court granted a decree of foreclosure.

The first error assigned questions the sufficiency of the evidence to support the finding that Massie E. White executed, acknowledged and delivered the mortgage and note. There was a conflict in the testimony; that produced on behalf of the defendant tending to prove that she was not present at the time the papers were executed, but that her husband, J. H. White, executed the note, mortgage and certificate of acknowledgment in her name, in her absence and without her consent; while that produced on the part of complaintnat tended to show that Massie E. White in person executed the note, mortgage and certificate of acknowledgment, and duly acknowledged same before the notary who certified to the acknowledgment, and that on more than one occasion after such execution, she spoke of the existence of a mortgage to complainants upon the property and of the premises being mortgaged. There were also introduced several documents in her handwriting and in that of her husband for the purpose of comparison, but the originals are not brought to this court for our inspection. Upon a careful consideration of the evidence the court deems it sufficient to support the finding complained of.

The second assignment of error complains that the relief granted was not justified by the bill and the prayer thereof. The note secured by the mortgage was dated March 5, 1895, due five years after date, drew interest payable annually at 10 per cent, and the principal sum therein obligated to be paid was $1,172.10. The mortgage was conditioned to pay or couse to be paid the sum of money covenanted to be paid by the note, together with the in-

terest to accrue thereon according to the legal tenor and effect thereof, and all costs, expenses and attorneys' fees which the mortgagees might be put to in enforcing collection of said money by foreclosure or otherwise. It was further provided that should any part of the interest stipulated to be paid by the note remain due and unpaid for ......days after maturity, in that event, the whole of the balance of the principal sum and interest thereby secured should become due and payable at the option of the mortgage. The bill was filed November 26, 1897, before the note fell due according to its terms. It alleged that more than two years' interest was due and unpaid; that complainants had been compelled to pay certain taxes upon the land amounting to $13.40, by reason of the failure of the mortgagors to pay them. It is not alleged that the complainants had ever exercised the option claimed to have been given them to regard the principal sum due for nonpayment of interest, nor is it alleged that the principal sum was due, nor that foreclosure was desired for the principal. The prayer is that an account be taken of the amount of interest due on the note and money expended in payment of taxes, and that defendants be required to pay same at an early date, together with a reasonable solicitor's fee for foreclosing the mortgage, and in default of such payment that the property be sold to pay same, &c. If the mortgagees had an option to regard the whole debt due for non-payment of interest, it does not appear that such option was ever exercised, but, on the contrary, the allegations of the bill are entirely consistent with the prayer which proceeds upon the theory that the option was never exercised, because it prays foreclosure for interest, taxes and attorneys' fees only. We are unable to find anything in the prayer or in the allega-

tions of the bill to justify foreclosure of the mortgage for principal sum. Kirk v. Van Petten, 38 Fla. 335, 21 South. Rep. 286; McLane v. Piaggio, 24 Fla. 71, 3 South. Rep. 823; Price v. Boden, 39 Fla. 218, 22 South. Rep. 657. The decree of foreclosure finds that there is due complainants $1,172.10 for principal, $351.63 accrued interest, and $176, solicitors' fees, and the mortgaged property is directed to be sold to pay these amounts. To the extent that the decree includes the principal sum of $1,172.10 it is erroneous for the reasons just stated.

The uncontradicted testimony in regard to attorneys' fees shows a reasonable fee for complainants' solicitor would be based upon the following estimate, *viz*: ten per cent. upon the first $1,000, and five per cent. upon the balance of whatever sum might be adjudged due the complainant, twenty-five dollars for filing the bill and twenty-five dollars for taking the testimony in the cause. The sum decreed, one hundred and seventy-six dollars, is based upon this estimate, taking into the calculation the sum decreed to be due for principal. As that part of the decree is found to be erroneous, it follows that the sum allowed for attorney's fees is excessive. The amount of attorney's fees should be reduced to $85.16, estimated according to the evidence as follows: ten per cent. upon the amount decreed for interest, $35.16; filing the bill $25; taking testimony $25.

In accordance with the views expressed, the decree will be modified by reducing the amount of attorney's fees decreed to $85.16, and by striking therefrom the sum of $1,172.10 decreed to be due for principal, and as so modified will be affirmed, and it is so ordered. The costs of this appeal will be taxed against the appellees.