JOHN A. GRAHAM AND NINA H. GRAHAM HIS WIFE, AP-PELLANTS, V. WILLIAM B. FITTS, APPELLEE.

1.  Where a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in determining their meaning and effect.

2.  Foreclosure proceedings are not prematurely brought where the principal note provides for the payment of a given amount at a stated future date, with interest thereon for which other notes were given payable semi-annually, and also provides that "if default be made in the payment of any interest note, or any portion thereof for the space of ten days after the same becomes due and payable, then all said principal and interest shall, at the option of the legal holder thereof, become due and payable without further notice," and the mortgage provides for the payment of the debt evidenced by the principal with the interest accruing thereon, according to the true intent and meaning of said note," and the bill for foreclosure brought by the holder of the principal note alleges a default in the payment of interest an that the complainant "exercises the option given him in and by the terms of said note, and hereby declares all interest and principal due and owing to him if any by the terms of said notes, due and payable at once."

3.  Where a bill to foreclose a mortgage is brought by the original payee and mortgagee against the original debtor and mortgagor, it is not necessary to specifically allege that the complainant is the owner of the note and mortgage.

4.  The payment of interest on over-due installments of interest, evidenced by separate coupon notes for interest on the principal, does not constitute usury, and such interest is recoverable upon coupon notes after their maturity, which

Graham et ux. v. Fitts—Opinion of Court.

were given at the time of the accrual of a debt, for the interest to accrue thereon; for, being promissory notes, it is only just that if not paid when due, they should draw interest, by way of damages for the detention of the money. The debtor can avoid such interest on interest by paying the interest when due.

5.  A note is not usurious because it provides for the payment of only the principal debt and the interest at the highest legal rate due thereon at the time an option is exercised to declare the debt due and payable.

6.  When a note provides for the payment of the amount loaned with the highest legal rate of interest and the party who negotiates the loan takes his commission from the amount loaned before it is delivered to the debtor, and it appears from a clear preponderance of the evidence that the party who negotiated the loan was the agent of the debtor and not the agent of the creditor, the note, on such a showing, is not usurious because such commission was so deducted.

This case was decided by Division A.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the Court.

*Chas. T. Curry,* for Appellant;

*O. K. Reaves,* for Appellee.

WHITFIELD, J: On October 3rd, 1905, the appellee filed a bill in equity in the circuit court for Manatee county for the foreclosure of a mortgage on certain

lands in Manatee county executed by the appellants January 5, 1905, to secure the payment of a note for $4,000.00 and interest coupon notes attached, all executed by the appellants to the appellee. The bill for foreclosure alleges the execution of the note and also the mortgage of the property to the plaintiff, and contains the following allegations: "That it is stipulated in and by the terms of said principal note and mortgage that if default be made in the payment any interest note or any portion thereof for the space of ten days after the same becomes due and payable, then all said principal and interest shall, at the option of your orator, become due and payable without further notice. And your orator alleges that the first of said interest notes, for the sum of $193.00, duly executed by the defendants and delivered to your orator as aforesaid, became due and payable on the first day of July, A. D. 1905, and that your orator has often demanded payment of the same of and from the defendants, but that the said defendants have failed, neglected and refused to pay the said interest note, or any part thereof; and therefore your orator hereby exercises the option given him in and by the terms of said note, and hereby declares all interest and principal due and owing to him in and by the terms of said notes, due and payable at once."

The court overruled a demurrer interposed to the bill on the grounds that (1) it contains no equity; (2) it does not appear that complainant is the owner of the note and mortgage; (3) it does not appear that the complainant has any title to the note and mortgage; (4) the interests of the defendants to the property are not particularly described.

The answer of the defendants contained a demurrer on the grounds that (1) no case for equitable relief is made; (2) the contract referred to is usurious. Answering, the defendants say the loan was negotiated through A. T. Cornwell, who was the agent of the complainant for negotiating loans and not the agent of defendants; that said A. T. Cornwell, the agent of complainant, only paid over to defendants $3,600.00, although said agent demanded and required defendants to execute the note for $4,000.00; that said agent of complainant reserved from the $4,000.00 the sum of $400.00 claimed by him as commission for making said loan, whereby the contract became and was and is usurious; that the semi-annual interest notes require payment of interest on unpaid installments of said interest, thereby the contract became, and was and is usurious; that by reason of the terms of the contract providing for a larger amount of interest than is allowed by statute, that nothing is due the complainant till its principal is due January 1st, 1910.

A replication was filed and testimony was taken before a special master. The decree "ordered, adjudged and decreed that the defendants are indebted to the complainant in the sum of $4,683.00 for principal and interest heretofore accrued upon the notes described in the bill, and in the further sum of $400.00 for reasonable attorneys' fee incurred by the complainant in this proceeding, and in the further sum of $23.50 due said special master for his services herein as well as for the costs of this suit." An appeal was taken. The following errors are assigned: (1) In overruling and in not sustaining the demurrer to the bill; (2) in overruling and in not sustaining special

grounds of demurrer contained in the answer; (3) in decreeing $400.00 attorneys' fees; in finding and decreeing for the complainant on the mortgage; (4) in decreeing no usury in the contract; (5) in decreeing for complainant; (6) in not dismissing the bill.

The principal note is as follows:

"No. 306.    United States of America, $4000.00.

Real estate coupon note. Ten per cent semi-annually. Negotiated by A. T. Cornwell. Braidentown, Florida, January 5, 1904.

On the first day of January, 1910, for value received, I promise to pay to the order of W. B. Fitts, the principal sum of four thousand dollars, lawful money of the United States of America, with interest thereon, at the rate of ten per cent per annum, until fully paid, payable semi-annually on the first day of January and July in each year according to the tenor of interest notes of two hundred dollars each, bearing even date herewith, hereto annexed.    Both principal and interest payable at Braidentown, Florida, and if default be made in the payment of any interest note, or any portion thereof, for the space of ten days after the same becomes due and payable, then all said principal and interest shall, at the option of the said W. B. Fitts or the legal holder hereof, become due and payable without further notice.

John A. Graham.<br>Nina H. Graham.

$193.00.    Interest Note.

Braidentown Fla., January 5, 1905.

On the first day of July, 1905, for value received, I promise to pay to the order of W. B. Fitts one hundred

and ninety-three dollars, for interest due on that day, according to the tenor of a principal note of $4000.00 of even date herewith. This note to draw ten per cent. interest after maturity until paid.     John A. Graham.
Nina H. Graham."

The mortgage contains "this express condition, that if the said John A. Graham, his heirs, executors or administrators, shall well and truly pay unto the said party of the second part, his heirs, executors or administrators or assigns, the said sum of money represented by the above described note, together with the interest accruing thereon, according to the true intent and meaning of said note, and shall pay all taxes and assessments that are or may be laid upon said premises before the same shall become delinquent, together with all costs, charges and expenses, including a reasonable attorney's fee, which the said party of the second part may incur or be put to in collecting the same by foreclosure or otherwise, that then these presents, and the estate hereby granted, shall cease, determine and be absolutely null and void."

The mortgage contains a provision for the payment of the note of $4,000.00 "with the interest accruing thereon, according to the true intent and meaning of said note," but it does not contain the provision incorporated in the note that "if default be made in the payment of any interest note, or any portion thereof, for the space of ten days after the same becomes due and payable, then all said principal and interest shall, at the option of the said W. B. Fitts or the legal holder hereof, become due and payable without further notice."

The case here presented is unlike the case of Maxwell

v. Jacksonville Loan & Imp. Co., 45 Fla. 425, 34 South. Rep. 255, where amounts in excess of the interest limit were made payable on default of interest payments, and there was no provision for eliminating such excess amounts. In this case there are no charges in excess of the interest limit and only the principal and the interest due thereon are made payable upon default of interest payments. The principal note was executed January 5, 1905, and is erroneously dated January 5, 1904.

The note and mortgage were executed at the same time in one transaction relating to the same subject, and the mortgage refers to the note, therefore they should be considered together in determining their meaning and effect. By construing them together as parts of one contract, the provisions of the principal note as to when it shall become due and payable, when taken with the provision of the mortgage that it is given to secure the payment of the note with interest "according to the true intent and meaning of said note," it is clear that the provisions of the note control. 2 Jones on Mortgages, section 1179a; Fletcher v. Daugherty, 13 Neb. 224, 13 N. W. Rep. 207; Kleinsorge v. Kleinsorge, 133 Cal. 412, 65 Pac. Rep. 876. The note constitutes the written evidence of the indebtedness and the terms of its payment are stated therein. The mortgage was given to secure the payment "according to the true intent and meaning of the note." The bill alleges a default in the payment of interest, and that the complainant exercises the option given him by the note and declares all interest and principal due to be due and payable at once. The note does not require notice of the

exercise of the option to be given to the defendants, but it provides that if default be made in any payment for ten days, then all the principal and interest shall, at the option of the holder, "become due and payable without further notice." The foreclosure suit was not prematurely brought. This case is clearly different from the cases of Kirk v. Van Patten, 38 Fla. 335, 21 South. Rep. 286, and White v. Gracy, 45 Fla. 657, 34 South. Rep. 223.

The bill alleges that the notes and mortgage were executed by the defendants to the complainant, and this is a sufficient allegation of the ownership and interest of the complainant to authorize the suit.

Where a bill to foreclose a mortgage is brought by the original payee and mortgagee against the original debtor and mortgagor, it is not necessary to specifically allege that the complainant is the owner of the note and mortgage.

The payment of interest on overdue installments of interest, evidenced by separate coupon notes for interest on the principal, does not constitute usury, and such interest is recoverable upon coupon notes after their maturity, which were given at the time of the accrual of a debt, for the interest accruing threon; for, being promissory notes, it is only just that if not paid when due, they should draw interest, by way of damages for the detention of the money. The debtor can avoid such interest on interest by paying the interest when due. Stickney v. Moore, 108 Ala. 590, 19 South. Rep. 76; Crider v. San Antonio Real Estate, Building & Loan Ass'n, 89 Tex. 597, 35 S. W. Rep. 1047; 1 Page on Contracts, section 475.

The provision in the principal note that "if default be made in the payment of any interest note, or any portion thereof for the space of ten days after the same becomes due and payable, then all said principal and interest shall, at the option of the said W. B. Fitts or the legal holder hereof, become due and payable without further notice," has reference to the amount of the principal note and the interest due thereon at the time the option is acted on, and does not refer to the interest that would accrue subsequent to such time if no action were taken on the option, therefore the note is not in this respect usurious. The contract here does not provide directly or indirectly for the payment of a greater rate of interest than is allowed by law, and it is consequently not usurious.

The defendants by their answer, the oath thereto being waived, aver that the loan was negotiated through A. T. Cornwell, who was the agent of the complainant for negotiating loans and not the agent of the defendants; that said A. T. Cornwell, the agent of complainant, only paid over to defendants $3,600.00, although said agent demanded and required defendants to execute the note for $4000.00; that said agent of complainant reserved $400.00 claimed by him as commission for making said loan, whereby the contract became and was and is usurious. Mr. Graham, in his testimony, stated that Mr. Cornwell paid him $3,-800.00, retaining $200.00 as commission. A preponderance of the testimony was to the effect that Mr. Cornwell acted as the agent of Mr. Graham, and not as the agent of the complainant. This being so, the amount retained by Mr.

Cornwell as commission does not make the contract usu-rious. 1. Page on Contracts section 481.

This disposes of all the points argued for the appel-lants.

The decree is affirmed.

SHACKLEFORD, C. J. and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion