S. D. PRINCE, *et al., Appellants,* v. LOTTIE E. MAHIN, *et al., Appellees.*

Opinion Filed February 28, 1917.

1. A stipulation in a mortgage to secure several notes that should any one of the notes or any part thereof or any part of the interest thereon remain due and unpaid for thirty days, then the whole balance of the principal and interest shall become due and payable at the option of the mortgagee, authorizes foreclosure proceedings for the entire debt secured, where one of the notes and interest thereon were past due and payble more than thirty days when the option of the mortgagee is exercised by bringing suit.

2. Multifariousness goes to convenience more than to merits; and when there is a general demurrer for want of equity, a ground of demurrer for multifariousness may not avail if there is equity in the bill.

3. A demurrer which is addressed to the entire bill must be treated as a general demurrer and should be overruled if there is any equity in the allegations of the bill, even though

there are grounds of the demurrer which might prevail if the same were incorporated in a special demurrer, wihch was directed to the vulnerable parts of the bill.

Appeal from Circuit Court for Alachua County; Jas. T. Wills, Judge.

Order affirmed.

*E. G. Baxter,* for Appellants;

*E. E. Wiggins* and *Robert E. Davis,* for Appellees.

WHITFIELD, J.—The bill of complaint herein brought by Lottie E. Mahin and W. C. Mahin, her husband, alleges in effect that S. D. Prince and wife executed to W. C. Mahin a mortgage upon described property to secure four notes executed October 1st, 1914, by S. D. Prince; that the mortgage was assigned to Lottie E. Teeter, who became Lottie E. Mahin; that the first of the notes is past due and unpaid and the "interest thereon is likewise past due and unpaid, and the defendant, S. D. Prince, has paid no portion of the principal or interest thereon and that the said sums of money due upon said note both for principal and interest have been past due and unpaid for the space of more than thirty days after the maturity thereof, and that under the terms and provisions of said mortgage whereby should any one of the above described notes mentioned herein, or any part thereof, or any part of the interest thereon, remain due and unpaid for the space of thirty days after maturity, then in that event the whole of the balance of the principal sum and interest thereby secured shall thereby become due and payable at the option of the mortgagee therein, the said complainants

have elected to declare that all sums of money due and owing by the defendant, S. D. Prince, upon such promissory notes above mentioned, either by way of principal or interest, or both, shall have become due and payable under such terms and conditions of said mortgage aforesaid, and that the complainants herein have been compelled to employ counsel to enforce the collection of the sums of money covenanted to be paid by the said notes by the foreclosure of the said mortgage; that the indebtedness due and owing by the said S. D. Prince represents the purchase price of the property above described; that immediately after October 1st, 1914, the said S. D. Prince went into the use and occupation of said property and has continued to use and occupy the same until within the past few weeks; that he has permitted the said property to depreciate in value; that repairs thereon have not been made, that the property has been so used, handled and mismanaged that great waste has occurred and the same has greatly depreciated in value, to the end that the same is not now worth the amount of your orators' claim and lien thereon and that if the same shall be sold under a final decree hereafter to be rendered herein, the amount realized therefrom will not be sufficient to satisfy the indebtedness due; that prior to November 1, 1915, the said S. D. Prince was the owner of certain described lands in Alachua County, Florida; that such lands are exceedingly valuable; that on November 15, 1915, the said S. D. Prince and wife executed and delivered to John R. Thomas and wife a conveyance of said lands which conveyance is recorded; that the said John R. Thomas is the brother-in-law of the said S. D. Prince; that no consideration passed between the said John R. Thomas to the said S. D. Prince for the execution of said deed and for the alleged purchase of said lands above mentioned.

That at the time of the execution of said deed the said S. D. Prince had no other property except the lands conveyed by him to the said John R. Thomas and Varina H. Thomas, his wife, and that the said John R. Thomas and Varina H. Thomas have never entered into the possession of said lands so conveyed to them, but that the same have remained and are now in the possession of the said S. D. Prince. That the said conveyance is a fraud as against your orators and other creditors of the said S. D. Prince, and was done by the said S. D. Prince for the purpose of concealing his property and of avoiding the payment of his obligations.

The prayer is for an accounting of the amount due by S. D. Prince to Lottie E. Mahin be made and enforced by foreclosure, and that in the event the proceeds arising from the sale of said property shall prove insufficient to pay off and satisfy the amount due and owing by the said S. D. Prince upon the notes and mortgages mentioned herein, that your orators may have a decree of this court vacating and setting aside the deed of conveyance as having been made by the said S. D. Prince and Mrs. C. A. Prince, his wife, to said John R. Thomas and Varina H. Thomas, his wife, and decreeing the said deed of conveyance to be null and void and of no force and effect as against the indebtedness found to be due and owing by the said S. D. Prince to your orator, Lottie E. Mahin, and that said property is liable to such decree for a deficiency as may be entered in favor of your orator, Lottie E. Mahin, and against the said S. D. Prince herein.

A demurrer to the bill of complaint was interposed on grounds, among others, that it is multifarious as to subject matter and as to parties; that notes 2, 3, 4 and 5 are not due; and that no equity is shown. The Chancellor overruled the demurrer, and the defendants appealed.

· The mortgage contains the following: "It is further agreed and stipulated that should any one of the above described notes, or any part thereof, or any part of the interest thereon, remain due and·unpaid for the space of thirty days after maturity, then in that event the whole of the balance of the principal sum and interest thereby secured shall become due and payable at the option of the mortgagee herein." As this proceeding is to enforce the mortgage lien it is immaterial that the notes secured by the mortgage do not contain the quoted stipulation. There is apparently no real conflict between the notes and the mortgage. It being alleged that the first note and the interest thereon were past due and payable more than thirty days when the suit was brought to enforce the mortgage lien, the institution of the suit is the exercise of the stipulated option of the mortgagee to regard the whole of the balance of the principal sum and interest secured by the mortgage to be due and payable. The suit was not prematurely brought under the terms of the mortgage. The facts here are essentially different from those in Kirk v. Van Petten, 38 Fla. 335, 21 South. Rep. 286, and White v. Gracey, 45 Fla. 657, 34 South. Rep. 223.

Multifariousness goes to convenience more than to merits; and when there is a general demurrer for want of equity, a ground of demurrer for multifariousness may not avail if there is equity in the bill. Carlton v. Hilliard, 64 Fla. 228, 60 South. Rep. 220.

A demurrer which is addressed to the entire bill must be treated as a general demurrer and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the demurrer which might prevail if the same were incorporated in a special demur-

rer, which was directed to the vulnerable parts of the bill. Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579.

Order affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur. .