MARY M. WARREN AND HER HUSBAND, EDWARD C. WARREN, Appellants, v. WILLIAM S. CREEVEY, Appellee.

Opinion Filed January 26, 1924.

This case was decided by Division A.

1. When a bill for the enforcement of a mortgage lien contains a prayer for general relief.and that the defendant be decreed to pay complainant whatever sum may be due and in default of such payment the mortgaged premises may be sold and the defendant barred from equity 'of redemption, it will not be held deficient for want of a prayer for specific relief.

2. When a mortgage is given to secure the payment of a principal sum at a given date some years in the future, with interest payable semi-annually, and there are covenants to pay taxes, liens, insurance, etc., but there is no precipitating clause in the mortgage maturing, the debt on breach of any covenant, the mortgagee may, nevertheless, upon breach of these covenants by the mortgagor, maintain his bill to fore-close the mortgage before the due date of the note, to the extent of the interest due, the amount paid by him to discharge tax liens, costs and attorney's fees.

An Appeal from the Circuit Court for Sarasota County; M. A. McMullen, Judge.

Decree affirmed.

John F. Burket and J. Velma Keen, for Appellants;

R. W. Randell, for Appellee.

ELLIS, J.—The appellee, William S. Creevey, on March 18, 1922, exhibited his bill in the Circuit Court for Sarasota County against Mary M. Warren and her husband,

Edward C. Warren, who are appellants here, to enforce a mortgage lien upon certain lands described in the bill.

The mortgage was given to secure the payment of a promissory note executed by Mary M. Warren and Edward C. Warren on June 20, 1921, for the sum of seven thousand five hundred dollars, payable on or before June 20, 1926, to William S. Creevey, or order. The rate of interest was ten per centum per annum payable semi-annually at the office of The Lee County Bank, Title & Trust Company. The note was a joint and several obligation, the makers agreeing to pay all costs of collection including a reasonable attorney's fee. A copy of the note was attached to the bill. The mortgage was executed by Mary M. Warren and her husband, Edward C. Warren, bore the same date as the note, was duly executed and acknowledged.

Immediately following the *habendum et tenedum* clause there were covenants of title: that the land was free from liens, that the mortgagors would make "further accurances" to perfect the fee simple title as may be reasonably required and warranty.

The defeasance clause contained a copy of the promissory note and provided that if the mortgagors would pay the same with interest "as and when therein respectively provided" and would comply with every "covenant, agreement, obligation and stipulation" of the note the estate created should cease and be null, etc.

Then followed covenants of the mortgagors to pay the debt evidenced by the note according to its provisions; to pay all taxes, assessments, etc., upon the premises and that if they were not paid when due "said mortgagee may at any time pay the same without waiving or affecting the option to foreclose this mortgage, or any other right hereunder, by reason of such payment or default; and every payment so made shall bear interest from the date thereof

at the rate of ten per centum per annum, and all such payments with interest, as aforesaid, shall be secured by the lien hereof.''

The mortgagors covenanted to pay all costs and expenses of ''every nature and kind'' including the cost of an abstract of title to the land ''found to be convenient or expedient in connection with any suit for the foreclosure of said mortgage.'' To commit no waste and to comply with ''each and every the covenants, agreements and stipulations in said note, renewals thereof and in this mortgage set forth.''

The bill alleged that the mortgage was duly recorded but that the defendants had failed to pay the semi-annual interest which became due upon the note on December 20, 1921, and that it was unpaid. That the defendants had broken the covenants contained in the ''mortgage and note'' in that they had failed to pay the semi-annual interest on the note, had failed to pay the taxes levied upon the premises; that the land was not free from all liens as the taxes had not been paid and because of such default the land had been sold for taxes. That the ''Complainant has elected to consider the full amount of said principal and interest as provided in said note and mortgage as due and payable and to enforce the payment thereof; wherefore, the Complainant elects to foreclose the said mortgage.''

Then follows a recitation of the expenses to which the complainant has been subjected and the following prayer: ''To the end, therefore, that the said defendants, Mary M. Warren and Edward C. Warren, her husband, of Fort Myers, Lee County, Florida, may be required to make full, true and direct answer to this Bill of Complaint, but not under oath, answer under oath being hereby expressly waived; that an accounting may be taken in this behalf;

that the defendant, Edward C. Warren, may be decreed to pay to your orator whatever sum may appear to be due to your orator upon the taking of said accounting, together with the cost of this proceeding and a reasonable attorney's fee and commission to be allowed the complainant's attorney for his fees in the foreclosure of said mortgage and the collection of the amount due on said note, and the taxes, and the cost of the abstract as aforesaid, on account of said premises, as provided in and by said mortgage and note; that in default of such payment, the said mortgaged premises may be sold as the court may direct, to satisfy such debt, taxes, costs of abstract, costs of court, attorney's fee and commissions; that in case of such sale and a failure to redeem therefrom pursuant to the statute, the defendants, and each of them, and all persons claiming by, through or under them, after the commencement of this suit, may be forever barred and foreclosed of all rights or equity of redemption of said mortgaged premises; and that your orator may have such other and further relief in the premises as to your Honor shall seem meet and equity may require.

May it please your Honor, to grant unto your orator, William S. Creevey, of Fort Myers, Lee County, Florida, the State's most gracious writ of subpoena in chancery, against said defendants, Mary M. Warren and Edward C. Warren, her husband, both of Fort Myers, Lee County, Florida, commanding them, and each of them, to appear to the Bill of Complaint on the April Rule Day, A. D. 1922.''

The defendants demurred to the bill upon the grounds that it was without equity; the mortgage had not matured either by lapse of time or by virtue of any clause contained in it and that the complainant's remedy was at law. The demurrer was overruled and the defendants took an appeal.

The points discussed in the brief by appellants' solicitor are that the bill contains no prayer; that the mortgage has

not matured because the due date of the note had not arrived and there was no ''precipitating clause in the mortgage'' and the complainant's remedy was an action at law for the interest due.

The first objection is without merit. The bill contains a prayer for general relief and in a matter so simple as that of a bill to enforce a mortgage lien a prayer of general relief, without a special prayer of the particular relief to which the complainant thinks himself entitled, will be sufficient for the court will grant such relief only as the case stated will justify. See Story's Eq. Pl. Sec. 41; 10 R. C. L. 422.

But the bill contains a prayer for special relief: that the defendant, Edward C. Warren, may be decreed to pay the complainant whatever sum may be due, including costs and attorney's fees, that in default of such payment the mortgaged premises may be sold as the court may direct and that the defendants, and each of them, may be forever barred and foreclosed of all right and equity of redemption. The prayer may not be framed in technically accurate language and may ask for more than the allegations of the bill justify but in substance it is a prayer for special relief.

Under the Codes demurrers have been sustained on the ground of failure to pray for specific relief which the facts stated authorized, but the current of decision is otherwise. See 16 Cyc 225 n. 88; 21 C. J. 388.

The next objection is that as the date of the note has not arrived and the mortgage contains no clause authorizing the complainant to declare the principal debt to be due because of the breach of any covenant or because of any allegation contained in the bill relating to default on defendants' part in the matter of the payment of interest the bill is without equity.

A copy of the mortgage is attached to the bill and made a part of it. There are words contained in one of the covenants relating to the payment of taxes and other incumbrances which seem to imply a right on the mortgagee's part to foreclose the mortgage on breach by the mortgagors of that covenant. They are as follows: "said mortgagee may at any time pay the same without waiving or affecting the option to foreclose this mortgage, or any other right hereunder, by reason of such payment or default," etc.

The mortgage also contains a covenant that the mortgagors will "pay the principal and *interest* and all other sums of money payable by virtue of said promissory note and of this mortgage each and every, promptly on the days, respectively, the same severally become due," etc.

It is competent for the parties to agree that upon default in the payment of interest or the breach of any other condition by the mortgagors the mortgagee shall have the option of declaring the principal debt to be due and proceed to foreclose for the entire sum due. It is unnecessary to cite authority in support of this generally recognized doctrine. It is also true that default in the payment of interest which is stipulated to be paid semi-annually or annually is a default of one of the conditions entitling the mortagee to a foreclosure although the period for the payment of the principal sum has not arrived and there is no provision specifically making a forfeiture of the principal upon a default in the payment of interest. See 2 Jones on Mortgages, Sec. 1177; 1 Wiltsie on Mortgage Foreclosure, Sec. 56; West Branch Bank v. Chester, 11 Pa. St. 282; Richards v. Holmes, 18 How. (U. S.) 143, 15 L. Ed. 304; Butler v. Blackman, 45 Conn. 159; Boyer v. Chandler, 160 Ill. 394, 43 N. E. Rep. 803; Silverman v. Silverman, 189 Ill. 394, 59 N. E. Rep. 949; Sanborn v. Ladd, 69 N. H. 221, 39 Atl. Rep. 1072.

This doctrine is upheld by this court, to the extent of foreclosure of the mortgage for the non-payment of interest due in the case of White v. Gracey, 45 Fla. 657, 34 South. Rep. 223. The mortgage in that case contained a stipulation that if any part of the interest stipulated to be paid by the note should remain due and unpaid for —— days after maturity the whole of the balance of the principal sum and interest thereon should become due and payable at the option of the mortgagee. The Chancellor decreed a foreclosure of the mortgage for the principal sum and interest, but the Supreme Court reversed the decree in part, pointing out that it nowhere appeared that the mortgagee had exercised his option to declare the entire principal to be due, and modified the decree to the extent of decreeing a foreclosure for the interest only.

In Prince v. Mahin, 73 Fla. 525, 74 South. Rep. 696, this court said that the "institution of the suit is the exercise of the stipulated option of the mortgagee to regard the whole of the balance of the principal sum and interest secured by the mortgage to be due and payable."

The case of Kirk v. Van Petten, 38 Fla. 335, 21 South. Rep. 286 is not in point because neither the note nor the mortgage appears to have contained any clause providing for the payment of interest in installments. The note was payable "ten years after date, with interest from date at the rate of ten per cent. per annum." The mortgage recited that it was given to secure the principal sum and interest.

A mortgage given to secure the payment of money by installments may be foreclosed to the extent of the installments as to which the defendant has defaulted and when all the installments become due before the final hearing the court may act upon the whole contract. The court having obtained jurisdiction has the power to retain the cause for

the purpose of making from time to time such orders and decrees as justice may demand. See Adams v. Essex, 1 Bibb (Ky.) 149, 4 Am. Dec. 623.

Our conclusion is therefore that the bill is not without equity; that the complainant may maintain foreclosure of the mortgage to the extent of the interest due, the amount paid by him to discharge tax liens, costs and attorney's fees; and that the demurrer was properly overruled.

Decree. affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.