and jealous scrutiny, the court shall find sufficient under the law to warrant the judgment. Smutzer vs. Stimson, 9 Colo. App. 326, 48 Pac. Rep. 314. Such agreements between the parties intending to facilitate the procuring of a divorce are therefore a fraud upon the law and the courts who in behalf of the state administer the law. Sayles vs. Sayles, 21 N. H. 312.''

The order appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

GUS' BATH, INC., a corporation, *Appellant,* v. ELLA MURRAY LIGHTBOWN, joined by her husband, COOPER C. LIGHTBOWN, *Appellees.*

Opinion filed March 23, 1931.

Petition for rehearing denied May 29, 1931.

*Baynes & Rowe,* for Appellant;
*Bussey, Johnston & Lillienthal,* for Appellees.

1208

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court

as its opinion, it is considered, ordered, and decreed by the Court that the decree of the court below should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.

---

ON REHEARING.

Opinion on Rehearing, Filed May 29, 1931.

1. A pleading setting up tender of payment in money as a defense to a suit, to be good, must show a production of the money to be paid and offer of it to the person to whom it should go, and that the debtor has ever since been ready to pay, and must be accompanied by a payment of the money into the court. A mere offer to pay is not a tender of money.

2. The institution of a suit to foreclose is in effect exercise of an option of the mortgagee to declare the whole of the principal sum and interest secured by the mortgage due and payable.

3. An option to declare the whole of a mortgage debt ''forthwith'' or immediately due signifies immediately upon or after the holder's election, and if an election is within a reasonable time there is no implied waiver by conduct.

Appeal from Circuit Court, Palm Beach County; C. E. Chillingworth, Judge.

Petition for rehearing denied.

*E. M. Baynes,* for Petitioner;

*Bussey, Johnston & Lillienthal,* for Appellees.

ANDREWS, Commissioner:

It is contended on the petition for rehearing that before suit was filed, the interest payments past due were ''tendered'' to the mortgagee by mortgagor and were rejected and returned by her to defendant after suit was filed on February 21, 1928. The default in interest relied upon accelerating this suit was that which became due and payable October 24, 1927, and not the semiannual interest which fell due February 24, 1927. The ''tender'' made as to the interest due October 24, 1927 was in the form

of a letter dated February 16, 1928, the pertinent portions of which read as follows:

"Palm Beach, Florida
2-16-28

"Mrs. Ella M. Lightbown
Palm Beach, Florida.
"Dear Mrs. Lightbown:
"We are enclosing check for $500 to apply on account of the interest maturing on your mortgage on Oct. 24, 1927 and we expect to be able to mail you the following checks as indicated to take up the balance of the account:

| On Feb. 20 | $500.00 |
| Feb. 25 | $500.00 |
| Feb. 28 | $250.00 |
| Feb. 28 interest on past due items to date | 46.54 |

"We are contemplating refinancing our obligations and believe we could arrange to take up your mortgage in full before it matures if a sufficiently attractive proposition is made us. Kindly let us know just what you are willing to do in case we are able to make such an arrangement. * * *

"Very truly yours,
Gus' Baths, Inc.
By Gus Jordahn
President."

No reply appears to have been received by defendant to this letter as to whether or not its offer was acceptable.

Was this a "tender" such an one as should be recognized as binding under the circumstances of this case? As bearing on this, complainant testified that the first $500.00 check, mentioned in the letter as having been enclosed was never received. The bank teller testified that a check was "certified" by him for "some one" but it was never

thereafter cashed by the bank. A debit slip among the cancelled checks of defendant shows that $500.00 was "charged against the account" of defendant at the bank.

If this first check for a part of the October 24, 1927, interest was actually accepted by complainant, it would under the general rule in such cases effect a waiver to accelerate the payments. The effect of the chancellor's decree is that it was not received or accepted.

"In the case cited, and apparently relied upon, in petition for rehearing (Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751) it was held that

"A pleading setting up tender of payment in money as a defense to a suit, to be good, must show a production of the money to be paid and offer of it to the person to whom it should go, and that the debtor has ever since been ready to pay, and must be accompanied by a payment of the money into the court. A mere offer to pay is not a tender of money."

The Court also held that

"A mere agreement for delay for no definite time and without consideration is not enforceable."

See cases there cited.

The mortgage in the instant suit provides that if any interest payment is not paid within 30 days next after it becomes due that said mortgage shall become "due and payable forthwith or thereafter at the option of the" holder, etc. It was held in the above-cited case that:

"It is quite generally held, as it is in Florida, that the institution of a suit for foreclosure is the exercise of the option of the mortgagee to declare the whole of the principal sum and interest secured by the mortgage due and payable. Prince v. Mahin, 73 Fla. 525, 74 So. 696; Graham v. Fitts, 53 Fla. 1046, 43 So. 512, 13 Ann. Cas. 149; 41 C. J. 851; Corlett v. Wood, 81 Fla. 510, 88 So. 268."

It appears that the only evidence of any exercise of the option which came to the knowledge of defendant was the filing of the suit on February 21, 1928.

In the above case the opinion states that the complainant never at either of the interest paying dates aforesaid indicated that he intended or expected to declare all notes due, but on the other hand specifically stated to the defendants that it would be agreeable to carry said interest on basis of defendants' paying to complainant 8% on said past due interest.

No allegation of similar purport appears in the instant case, nor does there appear any evidence that could be interpreted as a waiver, unless by mere silence or conduct.

The allegations in the answer are insufficient to show a legal tender of the interest due October 1927 *prior* to complainant's *exercising the option to foreclose by filing the bill.* It must be admitted that there was no express waiver, and if not, the only question remaining is whether or not the answer and testimony show a waiver by conduct such as will estop the complainant from exercising her option under the acceleration clause of the mortgage.

The option to declare the mortgage debt "immediately due" means the same as "forthwith," which signifies "immediately upon or after the holder's election," and the holder is not bound to elect immediately after default, but may within a reasonable time. The testimony shows that the October 24th interest had been delinquent about sixty days beyond the 30 days of grace when the mortgage was turned over to solicitors to foreclose, which could not be considered an unreasonable time even though complainant had accepted an instalment of interest due April 24, 1927, after interest of October 24, 1927 was past due, as such indulgence cannot affect a right not yet accrued.

Kreiss Potassium Phosphate Co. v. Knight, supra; 5 A. L.R. 437.

In the instant case the evidence shows that there are two prior mortgages to the one here being foreclosed; a first mortgage for $110,000.00 and a second for $25,000.00. In the last-cited case above, special mention is made of the fact that the value of the property there involved was alleged in the answer to be twelve times the value of the mortgage debt. Thus, the amount of prior mortgages may become an important element in foreclosures of which a court of equity may take cognizance.

As to the valuable improvements alleged to have been made, they appear to have been chiefly necessary repairs, except a certain lunch stand costing about one thousand dollars for whose construction a lessee of defendant furnished the costs, and therefore it does not become a determining element in this case.

Finding no sufficient cause for granting a rehearing the said petition is denied.

PER CURIAM.—The petition for rehearing filed in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the said petition be, and the same is hereby denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.

THE CHARLES RINGLING COMPANY, a corporation, *Plaintiff in Error*, vs. B. C. MUIRHEID, *Defendant in Error*.

Division A.

Opinion filed March 23, 1931.