TREB TRADING COMPANY, a corporation of New Jersey, *Appellant,* vs. CARL GREEN and JULIA GREEN, his wife, and CHARNER M. STRANGE and JULIA STRANGE, his wife, *Appellees.*

135 So. 510.
136 So. 688.
Division B.

Opinion filed June 29, 1931.
Petition for rehearing denied September 19, 1931.

240

*Ward & Marshall* of Miami, for Appellant

*Semple & Hirschman* and *Stapp, Gourley, Vining & Ward,* of Miami, for Appellees.

DAVIS, J.—This is an appeal from an order of the Circuit Court of Dade County sustaining a demurrer to and dismissing a bill of complaint brought to foreclose a mortgage.

The complainant claimed the right to foreclose its mortgage and to accelerate all payments provided under the mortgage and the notes secured thereby because of the non-payment of certain taxes by the mortgagor, or parties on his behalf. The bill did not allege or show that there were any other defaults under the mortgage other than the non-payment of certain taxes, nor does the bill allege that the complainant paid the taxes which were in default prior to the institution of the suit.

All of the defendants demurred for failure of the bill to show that the complainant paid the taxes before the institution of the suit, and the question presented here is whether the complainant, under the terms of the mortgage, without having first made payment of the delinquent taxes, may maintain a bill of foreclosure.

. The mortgage contains, with the usual clauses of con-

veyance and defeasance, the following provisions pertinent to the question to be decided.

"* * * and the said mortgagors * * * covenant and agree: To pay all and singular the taxes, assessments, levies, liabilities, obligations, and incumbrances of every nature on said described property each and every, and if the same be not promptly paid the said mortgagee, his heirs, legal representatives or assigns, may at any time pay the same without waiving or affecting the option to foreclose or any right hereunder, and every payment so made shall bear interest from the date thereof at the rate of ten per cent. per annum.

If any of said sums of money herein referred to be not promptly and fully paid within thirty days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory note and this deed, or either, are not fully performed, complied with and abided by, the said aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter at the option of the Mortgagee, his heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of Six Thousand and No/100 ($6,000.00) dollars was originally stipulated to be paid on such day, anything in said promissory note or herein to the contrary notwithstanding."

While the precise point in the case at bar has never been definitely decided by this Court in any prior case, the trend of the Florida decisions is to hold that when a mortgage is given to secure the payment of a principal sum at a given date some years in the future, with interest payable at stated times, and there are covenants to pay taxes, liens, insurance, etc., and there is a precipitating clause in the mortgage maturing the entire debt at the option of the mortgagee on the breach of any of the covenants, including the covenants to pay taxes, liens, insurance, etc., that the mortgagee may, upon breach of these covenants by the mortgagor, maintain

his bill to foreclose the mortgage before the due date of the principal indebtedness to the extent of the entire amount which becomes immediately due and payable by the exercise of the option to take advantage of the acceleration clause in the mortgage. See Warren v. Creevey, 99 So. 247, 87 Fla. 46.

In the last mentioned case the rule was stated by Mr. Justice Ellis to be as follows: "It is competent for the parties to agree that upon failure in the payment of interest *or the breach of any other condition* by the mortgagors the mortgagee shall have the option of declaring the principal sum to be due and proceed to foreclose for the entire sum due. It is unnecessary to cite authorities in support of this generally recognized doctrine."

The rule that the right to foreclose a mortgage providing for the payment of taxes and assessments will not accrue upon the mere failure of the mortgagor to pay them until the holder of the mortgage shall have paid off and discharged the assessments of taxes does not apply in a case where the mortgage by its terms expressly provides that the entire principal sum shall at the option of the mortgagee become due and payable and subject to foreclosure for the mortgagor's failure to pay taxes and assessments.

The parties to a mortgage or trust deed may not only stipulate for forfeiture in case of failure to pay interest promptly at the time agreed upon, but they may provide that in case the mortgagor fails within a time designated to pay the taxes and assessments levied against the property, the mortgage shall be accelerated, so that the mortgagee may proceed to foreclose and sell the property to pay such taxes, together with the mortgage debt and interest; and upon a default, foreclosure may be had, unless the default is induced by the complainant's own acts or declarations. Such an agreement is not prohibited by statute, nor is it against public policy; it is not in the nature of a forfeiture nor a hard contract which it would be un-

conscionable to enforce; because an investor may very properly insist that his security shall be kept intact or that the loan shall mature. In fact, such a provision is very analagous to an agreement that a failure to pay the interest promptly shall render the whole principal due. Such stipulations have almost invariably been held by the courts. If the mortgagor claims that non-payment of taxes was due to wrongful acts or representations of the mortgagee, the burden of proof is upon the mortgagor. See Wiltsie on Mortgage Foreclosures (4th Ed.) Vol. 1, pages 93-95; Jones on Mortgages (8th Ed.) Vol. 2, pages 982-984.

It remains to be decided whether or not the bill of complaint sufficiently alleges that the mortgagee had exercised his *option* to regard the principal sum of the mortgage due by reason of failure to pay taxes. If it did not, the decree of the Circuit Court sustaining a demurrer to the bill as showing no present right of foreclosure for the entire principal sum of the mortgage should be affirmed.

In White v. Gracey, 34 So. 223, 45 Fla. 657, it was held that on a bill to foreclose a mortgage, securing a note due five years after date, and stipulating that if any part of the interest should remain unpaid for a certain number of days, the balance of the principal and interest should become due and payable, at the *option* of the mortgagee, it was error to decree foreclosure for the principal sum, where the bill, filed before the expiration of five years, alleged that certain installments of interest were due, but failed to allege exercise by the mortgagee of *option* to regard the principal sum due because of the default, and prayed only that the mortgage be foreclosed for the interest due, with attorneys fees and sums paid out for taxes.

In Graham v. Fitts, 43 So. 512, 53 Fla. 1046, 13 Ann. Cas. 149, the principal note provided for the payment of a given amount at a stated time, with interest thereon, for which said notes were given, payable semi-annually,

and provided on default of payment of any interest for ten days, the principal and interest, at the *option* of the legal holder of the note, should become due, and the mortgage provided for the payment of the principal and interest according to the meaning of the note. It was held that a bill to foreclose by the holder of the principal note, alleging default in. interest and that the complainant exercises the *option* given by the note and declares the principal and interest due and payable at once was sufficient.

In Corlett v. Wood, 81 Fla. 510, 88 So. 268, a ruling to the effect that where a mortgage expressly provides for the enforcement of the entire mortgage lien upon the defaults stated therein, and holding that the stipulated rights of the mortgagee were not dependent upon notice given by the mortgagee, was expressly declared not to be in conflict with Graham v. Fitts, *supra.*

In the case at bar, the mortgagors undoubtedly covenanted and agreed to pay taxes. Under the terms of the mortgage it must also be conceded that the failure of the mortgagors to pay taxes according to their covenant warranted the mortgagee in taking advantage of such default and in declaring the entire mortgage sum to be due and in bringing immediate foreclosure suit by reason thereof. But it also appears that under the particular mortgage involved here that the right of the mortgagee upon default of the mortgagors in paying taxes was either to pay the taxes itself and hold the mortgagor liable for ten per cent interest thereon from the date of payment, or as its *option* foreclose the mortgage because of the mortgagor's failure to comply with his. covenant.

In this case the bill of complaint alleges that the defendants Carl Green and Julia Green, failed and neglected to pay the State and County taxes assessed against the property for the year 1928, in the sum of $61.83, and that said taxes had been due for more than thirty days prior to the filing of the bill of foreclosure. It also alleges that

the defendants had failed and neglected to pay the drainage tax due the Everglades Drainage District for the year 1927, and that said taxes had been due and payable for more than thirty days last past. It then alleges that by reason of the failure of the defendants to perform in the respects aforesaid that the entire amount in the sum of $5,640.00 has become due.

But under the terms of the mortgage here involved the mere failure of the mortgagors to pay taxes only warranted foreclosure in the event that the mortgagee exercised an *option* to declare the entire amount due by reason of such default, instead of paying the taxes itself and claiming an increased amount of interest. This case is therefore distinguishable from Corlett v. Wood, *supra,* where no exercise of option was required to be made nor was involved, as the court in that opinion said in referring to the previous holding in Graham v. Fitts, *supra,* which was declared not to be in conflict.

Assuming that the filing of a proper bill of foreclosure containing an express allegation therein that the complainant exercised his *option* to declare the entire amount of the mortgage due for failure to pay taxes as covenanted and agreed, amounts to a sufficient exercise of the option to sustain the right to proceed with the foreclosure, it does not necessarily follow that the mere filing of a bill of foreclosure not containing such an allegation is sufficient for that purpose.

It must therefore be held that the bill of complaint filed in the instant case was defective in complainant's failure to allege its exercise of the option, and that therefore the ruling of the court below sustaining a demurrer thereto should be affirmed.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

DAVIS, J.—In its opinion already filed this Court recognizes the rule that the filing of a bill *alleging* that complainant exercises his option to declare the whole mortgage debt due is ordinarily sufficient to show exercise of the option and sustain the bill, which is the effect of the holdings in Prince v. Mahin, 73 Fla. 525, 74 So. 696; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; Meredith v. Long, 96 Fla. 719, 119 So. 114. These cases were not overlooked nor were they disregarded or overruled. The holding in this case was that the allegations of the bill here considered failed to measure up to the definite requirements of these cases, and that therefore the bill on its face was prematurely brought and consequently the demurrers were properly sustained and the bill dismissed.

No application to amend appears to have been made in the Court below. We cannot reverse the Chancellor for failing to allow an amendment which was never requested or demanded.

Rehearing denied.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.