G. S. ROSE, *et ux.*, v. E. MIZE.
167 So. 6.
Opinion Filed March 30, 1936.

*H. H. McDonald,* for Appellants;

*J. C. Adkins* and *Winston E. Arnow,* for Appellee.

DAVIS, J.—This case involves the foreclosure of a mortgage wherein the complainant below (appellee here) took advantage of an acceleration clause contained in the mortgage and elected to declare the entire amount of indebtedness as represented by promissory notes, three of which were matured and past due as to principal at the time the bill was filed, immediately due and payable and the mortgage forthwith forecloseable therefor.

The foreclosure was contested on the ground that the acceleration clause was ineffective in law in that it provided that "should any one of the above described notes * * * remain due and unpaid for the space of_____days after maturity, then in that event the whole of the balance of the principal and interest thereby secured shall become due and payable at the option of the mortgagee herein." As will be noted, there is no number of days specified in the blank printed form of mortgage used to evidence the acceleration clause, so the contention on this point (which the Chancellor rejected) is that because the number of days was left blank in the mortgage form, that the mortgage debt was only capable of being accelerated, if at all, upon and after some special notice and demand by the mortgagee following a default, and not by the mere institution of suit as a means of exercising the option to declare the whole debt due, and the mortgage forecloseable as in ordinary cases.

Our view is that the blank left unfilled out in the printed form as to the number of days mentioned, is of peculiar application as a modification of the acceleration clause only when so filled out and that absent the filling in of some specified number of days for a default to endure that the mortgage is capable of acceleration at any time "after maturity" of a note or any part thereof, since by the omission made in the number of days provision in the printed accel-

eration clause the number of days provision must be regarded as eliminated in its entirety, thereby leaving the remainder of the clause to be enforced absent this provision.

The final decree in this cause appears to have been arrived at upon a proper consideration of the law and facts, therefore the same should be and is hereby affirmed.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—On the facts of this case, the question discussed is practically a moot question and I concur in the affirmance. However, where the number of days is left blank, I think some notice of the acceleration should be given the mortgagor before filing suit to foreclose for the full amount. At least, the mortgagee should go as far as was indicated in White v. Gracy, 45 Fla. 657, 34 So. 223.