944 So.2d 1113 (2006)
LRB HOLDING CORPORATION, Leo Benitez, P.A. & Leo Benitez, Appellants,
v.
BANK OF AMERICA, N.A., Appellee.
No. 3D06-387.
District Court of Appeal of Florida, Third District.
November 29, 2006.
Rehearing Denied January 12, 2007.
Benitez & Associates, and Leo Benitez, and Lizette Benitez, for appellants.
Liebler, Gonzalez & Portuondo, Miami, and Juan A. Gonzalez, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Leo Benitez, Leo Benitez, P.A., and LRB Holding Corporation, (collectively "LRB"), appeal an adverse summary judgment. We affirm.
LRB executed a $300,000 promissory note and mortgage, on a commercial loan, with Nationsbank, the predecessor of the appellee, Bank of America ("Bank"). The note provided that LRB was required to make payments on the 16th of each month. LRB made numerous late payments, including *1114 a late payment for May 2005. On June 24, 2005, the Bank sent LRB a notice of its intent to accelerate the note.
The Bank demanded full payment of the note by July 8, 2005. LRB failed to pay the note in whole, and instead sent a late payment for the June 2005 payment. The Bank sent LRB a reservation of rights letter advising LRB that the note remained in default despite receipt of the June 2005 payment on July 6, 2005. The Bank then filed suit against LRB for breach of the promissory note, breach of a commercial guaranty, and foreclosure of the mortgage.
Both parties filed cross-motions for summary judgment. The trial court granted the Bank's motion for summary judgment on the breach of a promissory note, and the two counts of breach of a commercial guaranty, but denied the Bank's motion for summary judgment on the foreclosure count. This appeal follows.
On appeal, LRB contends that the trial court erred in entering summary judgment because it cured any default by paying the May 2005 payment before the Bank sent its notice to accelerate. LRB also contends that the Bank's previous acceptance of LRB's late payments estops the Bank from declaring a default on the mortgage without giving LRB notice. We disagree.
In Florida, an acceleration clause in a mortgage confers a contract right upon the note or mortgage holder which he or she may elect to enforce upon default. David v. Sun Fed. Sav. & Loan Ass'n, 461 So.2d 93 (Fla.1984); Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). Here, the note's acceleration clause provided that upon default, the lender may declare the entire unpaid principle balance and all accrued unpaid interest immediately due without notice. The note also declared that the borrower would be in default for failure to make the payment on time. The payments were due on the 16th of each month.
According to the note's terms, not only was LRB in default of the mortgage because it failed to make the May 2005 payment until June 23, 2005, but LRB was also already late for the June 16, 2005 payment. In fact, out of the first eighty-four payments that were due prior to the Bank accelerating the note, LRB made its payment at least ten days after the due date thirty-nine times. The bank could have declared LRB in default any of the previous thirty-nine times that LRB did not make its payment on time.
The record supports the trial court's determination that LRB did not cure the default by making the May 2005 payment. See Bare Necessities, Inc. v. Estrada, 902 So.2d 184, 185 (Fla. 3d DCA 2005). Therefore, we conclude that the Bank had the right to find LRB in default.
We also reject LRB's second argument that the Bank's prior acceptance of LRB's late fees waived the Bank's right to enter a default without notice. Although the Bank previously accepted LRB's late payments, the note specifically provided that the lender may delay or forgo enforcing its rights or remedies under the note without losing them, and that the Bank could enter a default without providing the borrower notice. It was LRB's repeated failure to make timely payments that led to the Bank's decision to accelerate the note.
The trial court did not abuse its discretion in rejecting LRB's waiver/affirmative defenses argument. Tompkins v. Jim Walter Homes, Inc., 656 So.2d 963 (Fla. 5th DCA 1995) (where mortgagee did not engage in misleading conduct, the trial court did not err in rejecting affirmative defenses); August Tobler, Inc. v. Goolsby, 67 So.2d 537 (Fla.1953)(absent notice requirement *1115 in contract, notice was accomplished by filing suit); Gus' Baths v. Lightbown, 101 Fla. 1205, 133 So. 85 (1931) (acceptance of past late payments does not act as a bar to acceleration).
Accordingly, we affirm because the trial court properly found there were no issues of material fact, and did not err in entering summary judgment. Tompkins, 656 So.2d at 963.
Affirmed.