MARIE M. SELIGMAN, *et vir.,* v. EMMA K. BISZ, a widow, J. A. SMITH, and MRS. J. A. SMITH, his wife, if married.

167 So. 38.

En Banc.

Opinion Filed March 30, 1936.

*Eldon K. Boyce,* for Appellants;

*Wiseheart & Wiseheart,* for Appellees.

ELLIS, P. J.—Marie M. Seligman and her husband on June 15, 1931, were indebted to Emma K. Bisz, a widow, in the sum of $1,000.00. As evidence of such indebtedness they executed to Mrs. Bisz two promissory notes: One in the sum of $200.00, payable August 1, 1931; the other in the sum of $800.00, payable in installments of $40.00 per month, beginning September 1, 1931, and continuing until the entire sum should be paid in full. The last named note bore interest at seven per cent.

On August 25, 1931, the Seligmans, in order to secure the payment of the notes, executed and delivered to Mrs. Bisz a mortgage upon a certain lot of land in Miami, Dade County, Florida, described as Lot 5 of Block 5, Seville, a subdivision in the City of Miami. The mortgage recites that it was executed June 30, 1931. Its execution was acknowledged for record on August 25, 1931. It was filed for record in May, 1933.

The mortgage contained an acceleration clause in the following words:

"If any of said sums of money herein referred to be not promptly and fully paid within *thirty* days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory notes and this deed, or either, are not fully performed, complied with and abided by, the said aggregate sum mentioned in said promissory notes shall become due and payable forthwith or thereafter at the option of the Mortgagee," etc.

On March 21, 1934, Mrs. Bisz exhibited her bill in the Circuit Court for Dade County to enforce the mortgage lien. The bill alleged that the note for two hundred dollars

was not paid; that only one hundred twenty-one dollars and eleven cents were paid on the second note, which was payable in installments. The bill declares that the mortgagee hereby exercises her option to declare the full amount of principal and interest now outstanding and unpaid to be due. J. A. Smith and wife were made parties because of some alleged interest in the mortgaged premises. The mortgage and copies of the notes were attached to the bill and made a part of it.

The Seligmans moved to dismiss the bill on the ground that they were not notified of the default in payment of the note, nor of any intention on the part of the mortgagee to foreclose the mortgage. There were also other grounds unnecessary to notice as the brief of appellant confines the question to be presented to the proposition that the mortgagee treats the mortgage as not due, but relies upon the acceleration clause to declare the total amount of the debt to be due.

The motion to dismiss was overruled and a final decree of foreclosure entered. The Seligmans appealed from both order and decree.

On the question submitted the "rule approved in this State is that, where the mortgage provides that, if any interest payment is not paid within thirty days next after it becomes due, said mortgage shall become 'due and payable forthwith or thereafter at the option of the holder,' the institution of a suit for foreclosure is the exercise of the option to declare the whole of the principal sum and interest secured by the mortgage to be due and payable." See Douglas Properties v. Stix, 118 Fla. 354, 159 South. Rep. 1; Corlett v. Wood, 81 Fla. 510, 88 South. Rep. 268; Clay v. Girdner, 103 Fla. 135, 138 South. Rep. 490.

The stipulated rights of the mortgagee, secured by the

acceleration clause in the mortgage, are not dependent upon notice given to the mortgagor that the debt is in default and that the mortgagee intends to exercise the option to enforce the mortgage lien.

This rule is affected only by the circumstance that delay in enforcing the mortgage lien has not resulted in gain or advantage to the mortgagee or caused detriment to the mortgagor. See Gus Bath, Inc., v. Lightbown, 101 Fla. 1205, 133 South. Rep. 85.

In the case at bar the bill shows that the first note which became due in August, 1931, was not paid and the installments due on the second note were not fully paid. The first installment of forty dollars due September, 1931, was not paid; that after the expiration of approximately one year and a half after the due date of the first installment on that note became due only one hundred and twenty-one dollars and eleven cents were paid, when to that time approximately seven hundred dollars were due, exclusive of interest.

There is nothing in the record to show that the indulgence granted by the mortgagee to the mortgagor gave to the former any advantage or operated to the injury of the mortgagor.

There is nothing in the case of Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 South. Rep. 751, which indicates that this Court intended to modify the doctrine above announced concerning the mortgagee's right under an acceleration clause such as the mortgage in this case contains to enforce the lien of the mortgage upon default in the payment of part of the indebtedness or interest.

The order overruling the motion to dismiss and the final decree are affirmed.

Terrell and Buford, J. J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.