T. & C. CORPORATION v. JONAS EIKENBERRY.

178 So. 137.
Division A.
Opinion Filed January 5, 1938.

510

*Leo Rosen* and *Schwarzkopf,* for Appellant;

*Hugh C. Nicholas,* for Appellee.

BUFORD, J.—Appeal is from final decree of mortgage foreclosure.

Appellant states two questions for our consideration, as follows:

"Is a final decree in a mortgage foreclosure properly entered in favor of the plaintiff upon an amended bill of complaint which seeks to foreclose and accelerate the payments due under the mortgage, solely on the ground that the taxes were unpaid, when at the time of the filing of the amended bill of complaint the taxes had been paid by the appellant and there were no other grounds for foreclosure?"

"2. Is the final decree awarding attorney's fees to the plaintiff properly entered in a mortgage foreclosure where the plaintiff testified before the Master that he had not agreed to pay his attorney a fee, but expected the defendant to do so?"

The first question is not warranted by the record.

Bill of complaint was filed September 24th, 1936. Motion to dismiss was filed November 2nd, 1936. Motion to dismiss was not ruled on. Amendments to the *original* bill of complaint were filed November 28, 1936, the effect

of which was only to amplify the allegations contained in the original bill. On December 8th motion to dismiss bill of complaint as amended was filed. On December 15, 1936, order was entered overruling and denying motion to dismiss. This order was recorded the day after it was made. On December 15th defendant filed answer. Paragraph 2 of the answer alleged:

"Answering paragraphs VIII, IX and X of said bill of complaint as amended, these defendants say that at the time said amended bill of complaint was filed, the defendant T. & C. CORPORATION had paid all of the taxes which were outstanding against said property described in the bill of complaint, including State, county and City of Miami taxes for the years 1934 and 1935, tax receipts for the payment of said taxes being hereto attached, marked defendant's Exhibit "A" and by special reference made a part hereof; and that at the time said amended bill of complaint was filed, there were no outstanding delinquent taxes against said property."

The amendment to the bill of complaint made the bill of complaint an amended bill of complaint, which bill of complaint the record shows, as heretofore stated, was filed September 24th, 1936. See 49 C. J. 560, Sec. 777.

So it is the second paragraph of the answer in effect alleged that the defendant had paid all the taxes due on the property before September 24th, 1936, the date of the filing of the bill. This, if true, would constitute a good defense, but the undisputed evidence shows that this is not a fact.

The acceleration clauses relied upon as embraced in the mortgage are as follows:

"To pay all and singular the taxes, assessments, levies, liabilities, obligations and incumbrances of every nature on said described property each and every, and if the same be not promptly paid the said Mortgagee, his heirs, legal

representatives or assigns, may at any time pay the same without waiving or affecting the option to foreclose or any right hereunder, and every payment so made shall bear interest from February 1, 1935, at the rate of 6 per cent. per annum."

"If any of said sums of money herein referred to be not promptly and fully paid within thirty days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory notes and this deed, or either, are not fully performed, complied with and abided by, the said aggregate sum mentioned in said promissory notes shall become due and payable forthwith or thereafter at the option of the Mortgagee, his heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of Two Thousand Two Hundred and Fifty Dollars was originally stipulated to be paid on such day, anything in said promissory notes or herein contained to the contrary notwithstanding."

Paragraphs 9, 10 and 12 of the bill of complaint as originally filed were as follows:

"9. Your complainant would further show unto the court that the said R. L. Wilson and his assigns failed and refused to pay taxes assessed by the City of Miami, Florida, against the above described property for the year 1935, and that said property was sold for delinquent taxes on the 1st day of June, 1936, and that said property was purchased at the delinquent sale thereof by one W. T. Roberts and that on the 1st day of June, 1936, A. E. Fuller, the Director of Finance of the City of Miami, Florida, issued tax sale certificate No. 334 to the said W. T. Roberts covering the above described property. That it has become necessary for your complainant to purchase said tax sale certificate for the protection of his mortgage and notes therein secured,

the complainant having purchased said tax sale certificate from the said W. T. Roberts on August 24, 1936; the original tax sale certificate No. 334 and the assignment thereof are now in the possession of the complainant and will be produced in court and introduced in evidence when this cause comes on for hearing. The amount of the above mentioned tax sale certificate being $17.76.

"10. Your complainant would further show unto the court that neither the said R. L. Wilson or his assign paid the State and county taxes on the above described property for the year 1935, and that same was sold by the Tax Collector of Dade County, Florida, the amount of which tax and penalty is not now known to your complainant, which tax your complainant will be compelled to pay and discharge for the protection of his mortgage and notes therein secured."

"12. That your complainant has and does hereby elect to exercise his option to declare the total amount of $1,-800.00 principal together with accrued interest to be now due and payable by reason of the failure of the said R. L. Wilson or his assign to pay said taxes as and when the same became due and payable, the default on the part of the said R. L. Wilson and his assign having continued for a period far in excess of the thirty days provided for in said mortgage."

These paragraphs sufficiently allege breach of the covenant of the mortgage, the right of acceleration in the Mortgagee and the exercise of the option to accelerate. See Corlett, et al., v. Wood, 81 Fla. 510, 88 Sou. 268, and cases there cited; Tred Trading Co. v. Green, 102 Fla. 238, 135 Sou. 510, 136 Sou. 688; Seligman v. Bisz, et al., 123 Fla. 493, 167 Sou. 38; Liles v. Savage, 121 Fla. 83, 163 Sou. 399.

The record shows affirmative error committed by the entry of decree for attorney's fees. The complainant's witness testified that he, as manager of the affairs of the corporation, had not bound himself, or the corporation, to pay any fee; in effect that it was understood that counsel should get his fee from defendant.. In other words, the evidence shows that complainant had not bound itself to pay any fee, but had relieved itself of this obligation or liability by stipulating that counsel should get his fee from the defendant or, as witness puts it, "We expected the other fellow to do that."

Under these facts complainant may not recover attorney's fees in decree against defendant, because there is no obligation in that regard as to which he is entitled to be indemnified. See Brett v. First National Bank of Marianna, 97 Fla. 284, 120 Sou. 554; Hatch v. Trabune, 99 Fla. 1169, 128 Sou. 420, and cases there cited.

So the decree should be affirmed in all respects except as to decree for attorney's fees, and should be modified so as to eliminate that item and the costs of this appeal should be taxed one-half against each the appellant and the appellee.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.