438 So.2d 1020 (1983)
Frank J. PARISE, Appellant,
v.
CITIZENS NATIONAL BANK and Arthur H. Garrecht, Appellees.
No. 82-885.
District Court of Appeal of Florida, Fifth District.
October 13, 1983.
*1021 William C. Haldin, Jr., of Matthies & Cross, P.A., Ocala, for appellant.
J. Pattinson, Crystal River, for appellee.
SHARP, Judge.
Parise appeals from a final summary judgment which granted foreclosure of his contract (commonly known as a contract for deed or an agreement for deed) for the purchase of real property located in Marion County, Florida. Citizens National Bank and Garrecht are assignees of the contract from the original seller. We reverse because we think there is a question of material fact as to whether the appellees properly notified Parise of his defaults under the contract and whether they accelerated all payments under contract before Parise tendered the payments then due.
A contract for deed is treated like a mortgage, and the seller who seeks to accelerate and foreclose his interest under it must prove both default and acceleration. Mid-State Investment Corporation v. O'Steen, 133 So.2d 455 (Fla. 1st DCA), cert. denied, 136 So.2d 349 (Fla. 1961). To establish a right to summary judgment in such a case, the moving party must tender pleadings and affidavits supporting his right to foreclose, and if the defending party presents a valid defense, he must counter the defense with sworn proof. It does not suffice merely to assert that the defense does not exist. Landers v. Milton, 370 So.2d 368 (Fla. 1979).

TENDER OF PAYMENTS
In their action for foreclosure, the appellees alleged that the contract payment due September 20, 1981, and subsequent payments had not been paid. By way of an affirmative defense, Parise claimed he tendered all payments due under the contract before acceleration was declared by the appellees, and before suit was filed. In affidavits filed in support of their amended motion for summary judgment, the appellees denied that the September 20 payment was made. Parise's affidavit in the record claimed a check had been tendered and accepted for the September 20 payment prior to notice of acceleration or the filing of the suit.
Paragraph 7 of the real estate contract gives the appellees the right to accelerate payments upon default by the buyer. It provides:
If any of the sums of money herein referred to be not promptly and fully paid within thirty (30) days next after the same severally become due and payable, or if each and every [sic] the stipulations, agreements, conditions and covenants of this agreement are not duly performed, complied with and abided by, the aggregate sum mentioned herein shall become due and payable forthwith or thereafter at the option of the seller as fully and completely as if the said aggregate sum of Forty-seven Thousand Dollars ($47,000.00) was originally stipulated to be paid on such date. (Emphasis supplied).
We construe this clause as requiring some act on the part of the seller or assignees to accelerate after a default. There is no language in paragraph 7 to indicate acceleration was automatic or self-executing as in Baader v. Walker, 153 So.2d 51 (Fla. *1022 2d DCA), cert. denied, 156 So.2d 858 (Fla. 1963). "[A]t the option of the seller" clearly indicates the seller has the right to elect or not elect an acceleration after default. He may choose not to accelerate. Sitting silently is the obvious method to exercise that alternative. The converse follows. If he opts to accelerate, he must take some steps to implement that right.
Acceleration may be set in motion by filing a pleading in a suit on the full indebtedness. Central Home Trust Company of Elizabeth v. Lippincott, 392 So.2d 931 (Fla. 5th DCA 1980). Or it may be activated by a demand and express notice to the debtor. River Holding Company v. Nickel, 62 So.2d 702 (Fla. 1952). But if the delinquent payments are tendered before either occurrence, the right to accelerate is defeated. River Holding Company v. Nickel.
The record in this case shows there is a material fact question concerning whether the delinquent payments were tendered before the suit was filed and before any other method of acceleration was employed by the appellees. These facts were put in issue by affidavits and countered by other affidavits. Summary judgment was improper to resolve these factual disputes. Clark v. Munroe, 407 So.2d 1036 (Fla. 1st DCA 1981); Ernest v. Carter, 368 So.2d 428 (Fla.2d DCA 1979).

FAILURE TO INSURE AND TO REIMBURSE ASSIGNEES FOR PAYMENT OF INSURANCE PREMIUMS
The appellees also argue that Parise's failure to procure the insurance required under the contract is another default for which acceleration was proper.[1] In their amended complaint, the appellees alleged Parise failed to obtain the insurance (a violation of paragraph 4), and that he failed to reimburse them for the premium after demand (a violation of paragraph 6). Parise countered both allegations in his affirmative defenses and affidavit by alleging the facts that, prior to the time he was served with process in this suit (December 8, 1981), the appellees did not demand reimbursement for the insurance premium, and that he did not know until December 21, 1981, about the insurance premium delinquency.
The affidavits of the appellees are insufficient to counter Parise's defense on this point. Arthur Garrecht's affidavit claims Parise failed to obtain the insurance and failed to reimburse Garrecht after demand. But it does not say Garrecht accelerated the contract prior to filing suit. Similarly, the affidavit of the officer for the bank, Robert Voegele, contains the same omission.
Voegele's affidavit contained attached letters from the bank and from Garrecht's attorney to Parise that notified Parise a default had occurred under the contract because of his failure to maintain the insurance, but they do not declare an acceleration. Each letter ends with a request to Parise to bring the payments under the contract current. Further, the affidavit fails to establish Parise ever received any of the attached correspondence.
If the default consisted of Parise's failure to reimburse the appellees for the insurance *1023 premium after demand, the record fails to establish that the demand was made before the suit was filed. Summary judgment was improper because the appellees failed to establish a default on this ground. Even if the affidavits covered that default, Parise's affidavit counters it and summary judgment was improper for the same reasons stated above regarding tender of payments.
If the default consisted of Parise's failure to maintain the insurance required under the contract, the affidavits and proof do not establish that any acceleration was effected or declared for this claimed default prior to suit being filed. The record shows the lapse of insurance occurred because the prior insurance carrier elected not to renew its coverage on the property. The record does not clearly establish that Parise was notified of the lapse. As soon as the suit was filed, he tendered the premium, together with the other claimed delinquent payments, into the registry of the court.
Where the record is not clear that a mortgagor is at fault in failing to procure insurance on the property, foreclosure is not proper for that default. Clay v. Girdner, 103 Fla. 135, 138 So. 490 (1931). Further, a mortgagor is entitled to argue that his default did not impair the mortgagee's security. Here, the record establishes that the property was, in fact, insured at the time the suit was filed. See Brady v. Edgar, 415 So.2d 141 (Fla. 5th DCA 1982). Because Parise is in a position similar to a mortgagor, we think he is entitled to similar protections against foreclosure.
The summary judgment is reversed and this case is remanded.
REVERSED and REMANDED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] Paragraphs 4 and 6 of the contract provide:

4. The Buyer shall keep the buildings erected, and to be erected, upon such property insured against fire in the amount of the reasonable insurable value thereof, in an insurance company to be approved by the Seller, for the mutual benefit and protection of the parties hereto, and shall place a copy of the policy representing such fire insurance with Seller.
6. If the Buyer fails to pay such taxes, charges, assessments, or premiums for fire insurance, or fails to pay any amount due upon or fails to perform any condition or covenant of any agreement for sale required of the Buyer, before the same shall have become delinquent, the Seller shall have the right to pay or procure the same, together with necessary costs and legal fees, and the amount so advanced and such repayment thereof shall be secured hereby and shall be repaid to the Seller by the Buyer, on demand, together with interest thereon at the rate of eight percent (8%) per annum from the date advanced by the Seller until repaid, and any payment so made by the Seller shall be prima facie evidence of the necessity therefor. If the Seller institutes suit against the Buyer to enforce the Seller's rights under this agreement and obtains a valid judgment against the Buyer, the Buyer agrees to pay all costs, expenses and attorney's fees of the Seller.