498 So.2d 645 (1986)
Seymour BENSMAN and Michael Rosen, Appellants,
v.
Louis DE LUCA and Domenica De Luca, His Wife, Appellees.
No. 4-86-0210.
District Court of Appeal of Florida, Fourth District.
December 10, 1986.
Bruce H. La Kam, Pompano Beach, for appellants.
Samuel R. Danziger of Goodhard & Rosner, P.A., Miami, for appellees.
GLICKSTEIN, Judge.
This is an appeal from a summary final judgment of foreclosure. We reverse and remand with direction to award appellees any unreimbursed insurance premium even should appellants prevail.
Appellees contend that foreclosure was proper because (a) appellants' payment on September 5, 1985, was one day after the thirty day grace period had expired; (b) appellants did not pay 1984 real estate taxes until April 2, 1985; (c) appellants did not keep the mortgaged premises insured; and (d) appellants failed to provide appellee with a copy of an insurance policy.
It is true that the payment of September 5, 1985, was late as contended; however, there was evidence that it was tendered prior to any notice of acceleration or foreclosure, albeit appellees filed their foreclosure action on September 6, 1985. We say "tendered" because while the mortgage here provided for a place of payment, it did not specify the method of delivery or mode of payment. It is also evident from the course of conduct of the parties and from appellees' affidavit that payment by check was considered tendered when postmarked. There being evidence of a tender prior to acceleration and the law being clear that such defeats the right to accelerate, summary judgment was error on this point. River Holding Co. v. Nickel, 62 So.2d 702 (Fla. 1952); Clay v. Girdner, 103 Fla. 135, 138 So. 490 (1931); Parise v. Citizens National Bank, 438 So.2d 1020 (Fla. 5th DCA 1983).
The payment of taxes on April 2nd, rather than March 15th as required by the mortgage was a technical breach that did not impair appellees' security. That type of breach would not warrant foreclosure. *646 La Boutique of Beauty Academy, Inc. v. Meloy, 436 So.2d 396, 398 (Fla. 2d DCA 1983); Brady v. Edgar, 415 So.2d 141 (Fla. 5th DCA 1982). Further, the taxes were paid well before appellee attempted to foreclose. River Holding.
Appellees contend that the property was not insured, but appellants' affidavit contradicts that assertion. Further, the record shows a policy dated September 15, 1985, with an effective date indicating no gap from the expiration date of the previous policy.
Finally, appellees contend  correctly  that the record reflects the failure of appellants to provide appellees with a copy of the insurance policy upon the premises prior to commencement of the foreclosure action. At oral argument, appellants' counsel advised the court that appellees, in the event of reversal, are entitled to reimbursement for any unreimbursed insurance premium incurred by appellees because of the nondelivery of the policy which occasioned purchase of another policy. The nondelivery would not warrant foreclosure because any such breach would be merely technical, as discussed above.
HERSEY, C.J., and DOWNEY, J., concur.