523 So.2d 773 (1988)
INTERDEVCO, INC., Interdevco-Grove Square, Inc., Issac Mildenberg, Janin Mildenberg, Jose M. Suriol and Conxita Suriol, Appellants,
v.
HOLLYWOOD FEDERAL SAVINGS AND LOAN ASSOCIATION, a Savings and Loan Corporation Organized under the Laws of the United States, and Continental Casualty Company, Appellees.
No. 87-1916.
District Court of Appeal of Florida, Third District.
April 19, 1988.
Squadron, Ellenoff, Mandler, Plesent & Lehrer and Janet E. Ritenbaugh, New York City, and Bernard S. Mandler, Miami, for appellants.
Ellis, Spencer, Butler and Kisslan and Robert Paul Keeley, Hollywood, for appellee Hollywood Federal Sav. & Loan Ass'n.
Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, and John C. Briggs, Orlando, for appellee Continental Cas. Co.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
FERGUSON, Judge.
The appellee, Hollywood Federal, commenced this action for a preliminary injunction to prevent the disbursement of insurance proceeds from an escrow account. The trial court granted the injunction, ruling that because Hollywood Federal asserted a claim to the funds the proper procedure was to preserve the status quo by restraining further disbursement of the funds. Substantively, Hollywood Federal's claim is without a contractual basis.
Interdevco Grove Square entered into a Construction Loan Commitment with Brickellbanc Savings Association to finance the construction of a real estate project owned by Interdevco. Brickellbanc assigned to Hollywood Federal a participating interest in the construction loan.
Construction of the residential condominium and commercial shops project was delayed due to engineering defects found during the course of routine inspections. Interdevco sued the project's architect and engineer for professional negligence. The *774 engineer's insurer, Continental Casualty Company, paid for the substantial remedial construction needed to correct the defects and paid Interdevco for economic losses occasioned by the delay. The insurance payment was made to an escrow account from which $840,000 was paid for corrective construction. The amount left in the account, approximately $290,000, is the subject of this action for injunctive relief.
Hollywood Federal claims entitlement to the escrow funds as collateral for its construction loan, relying on certain provisions of the Construction Loan Commitment and Mortgage and Security Agreement which was filed as a UCC-1 security instrument. The lender contends that one such clause provides that the mortgage encumbers not only the real property associated with the project but also constitutes a lien on:
all structures and improvements now and hereafter on said land and the fixtures attached thereto, also together with all and singular the tenements, hereditaments, easements and appurtenances thereunto belonging, or in any wise appertaining, and the rents, issues, and profits thereof, and also all the estate, right, title, interest and all claims and demands whatsoever, as well in law as in equity of said Mortgagor in and to the same... .
(Emphasis added.)
The appellant, Interdevco, claims entitlement to the funds as its economic losses occasioned by the construction delays arguing, persuasively, that one cannot pledge, as collateral, a tort claim or proceeds from such a claim.
The subject escrow account consists solely of proceeds from Interdevco's tort claim against the engineers and architects. In Florida National Bank v. First National Bank of Palm Beach, 507 So.2d 726 (Fla. 3d DCA 1987), we held that under article 9 of the UCC there could be no effective lien against the proceeds of a tort claim. The controlling provision is section 679.104(11), Florida Statutes (1985), which provides that article 9 does not apply to "a transfer in whole or in part of any claim arising out of tort... ." See also In re Monroe County Housing Corp., 29 Bankr. 686 (S.D.Fla. 1983) (section 679.104 precludes security interest arising from a tort claim).
There being no other basis in the record for granting an injunction against distribution of the escrow funds,[1] the order on review is reversed.
NOTES
[1] Although the appellees assert, as alternative grounds for a claim to the insurance proceeds, two alleged written assignments of the insurance funds to Hollywood Federal, it is clear from the record that the purported assignments do not give Hollywood Federal a right to the funds. First, any obligation on Interdevco's part to assign the insurance proceeds to Hollywood Federal did not arise under the First Amendment to Agreement (for an additional loan) because Brickellbanc failed to advance funds as required by that Agreement. As to the second "assignment," Interdevco fully performed that separate agreement by depositing 70% of the final settlement proceeds ($840,000) into the receiver's account.