In the Matter of Ann B. SCHREWE, Debtor.

Civ. A. No. 89–3308.

United States District Court, E.D. Louisiana.

Nov. 20, 1989.

## MEMORANDUM AND ORDER

SEAR, District Judge.

Appellant, American Savings and Loan (American), appeals the order entered by Bankruptcy Judge Thomas Brahney III in which he denied American a security interest in the proceeds of the Chapter 11 debtor-in-possession's pending lawsuit. The only issue on appeal is whether the term "rights," as used in the standard mortgage contract, affects a mortgage, pledge, or hypothecation of a cause of action in which the mortgagee seeks damages for necessary repairs to the mortgaged property. The facts and arguments are adequately presented in the parties' briefs and in the record; therefore, I find oral arguments unnecessary. *See* Bankr.R. 8012.

Debtor, Ann. B. Schrewe, mortgaged certain property in favor of American. The mortgage agreement provides, in pertinent part:

Borrower does hereby mortgage and hypothecate to lender the following described property. . . .

. . . .

[T]ogether with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which ... shall be deemed to be and remain a part of the property covered by this mortgage.

In return for this mortgage, American loaned Schrewe funds to construct an office building on the land. Thereafter, debtor filed suit against the engineer and architect of the office building in a Louisiana district court. In that suit, debtor seeks damages for the costs to repair the building that debtor claims is defectively designed and structurally unsound. The district court rendered judgment against the debtor, and the debtor appealed to the Louisiana First Circuit Court of Appeals. The suit is currently pending before the appellate court.

American, the mortgagee of the property subject to the state court litigation, filed a Motion for Recognition of Creditors' Interest in Certain Proceeds of Lawsuit Owned by Debtor. Appellee Whitney National Bank (Whitney), one of the general creditors in the Chapter 11 proceedings, objected to American's motion. Whitney argued that American did not have an interest in the proceeds of the lawsuit because it did not have a perfected security interest prior to the filing of bankruptcy. Essentially, Whitney argues that the term "rights" does not encompass personal rights of the debtor that are physically separate from the mortgaged property.

■ The crux of appellant's claim is that a cause of action for damages to property is physically related to the property.[1] This argument, however, is without merit.

Louisiana courts have held that the indemnity due to the owner of an immov-

1. *See* Appellant's Reply Brief, at 1.

able for the expropriation of a part of that immovable, and damages due to the owner of a thing for its partial destruction or for an interference with the owner's rights, belong to the person who was owner at the time of the expropriation, destruction, or interference. These are personal rights that are not transferred to a successor by particular title without a stipulation to that effect. La.Civ.Code art. 1764 comment f (citations omitted). Thus, Louisiana law provides that a cause of action for damage to property is a personal right, not a real right.[2] As such, the mortgage agreement does not give American a security interest in the proceeds of this cause of action. Additionally, mortgages are strictissimi juris and are not created, extended or modified by "analogy or a fine turn of language." *Thrift Funds Canal, Inc. v. Foy*, 242 So.2d 253, 256 (La.Ct.App. 4th Cir.1970), *aff'd*, 261 La. 573, 260 So.2d 628 (La.1972); *see also Baber v. Hoffer*, 430 So.2d 220, 222 (La.Ct.App. 4th Cir.1983).

On appeal, American argues that it is entitled to the proceeds of the cause of action because the debtor pledged this incorporeal right to it. An incorporeal right not evidenced by written instrument may be pledged in the same manner as other property. *See* La.Rev.Stat. § 9:4321 (West 1983). However, this pledge does not effect third parties unless "the pledge is proved by some written instrument [that states] ... the species and nature of the thing given in pledge...." La.Civ.Code art. 3158.[3]

In this case, American argues that the mortgage agreement is written evidence of the pledge of the cause of action. However, even if the mortgage agreement is the written evidence of the pledge, it does not state the species and the nature of the thing given in pledge. The vague inclusion of the term "rights" does not describe the personal right to sue for damages to the property sufficiently enough to put third parties on notice that this incorporeal right is subject to pledge.

American also argues that equitable considerations counsel in favor of finding that American is entitled to the proceeds of the sale. This arguments stems from the potential result of debtor's Chapter 11 plan in which she intends to return the property, which was appraised at $1,150,000.00 *after* repairs, back to American for a full credit of the fair market value of the property. American argues that if the general creditors share in the proceeds from the lawsuit and American does not get the proceeds intended to restore the building, the general creditors benefit at its expense.

The more equitable solution to this problem is not to give American a security interest in the proceeds of the lawsuit, but rather to remand this case to the bankruptcy court for a determination of the present value of the property, without any subsequent repairs. Thus, the debtor will only be allowed to receive credit for the value of the property as it exists, that is, without any repairs. Further, American may still participate with the general creditors in the proceeds from the lawsuit to the extent that its claim is undersecured. *See* 11 U.S.C. § 506(a).

Accordingly, the bankruptcy court's decision denying American a security interest in the proceeds of the pending lawsuit is AFFIRMED, and the case is REMANDED to determine the value of the property without subsequent repairs.

---

**2.** *See Dunlap v. Red River Waterway Comm'n,* 405 So.2d 655 (La.Ct.App. 3d Cir 1981) (right to demand compensation for a servitude is a personal right), *writ denied,* 410 So.2d 761 (La. 1982); *see also* A. Yiannapolis, *Predial Servitudes* § 157, at 426 (Louisiana Civil Law Treatise, 1983). In its appeal, American cites La. Rev.Stat. § 10:1–201 for a definition of the term "rights." However, this definition is limited to negotiable instruments law and is inapplicable in this context.

**3.** *See also Citizens Bank & Trust v. Consolidated Terminal Warehouse, Inc.,* 460 So.2d 663, 668–69 (La.Ct.App. 1st Cir.1984).