THOMPSON, Judge.
Cheryl Reinhardt Vandenberg, as personal representative of the estate of Bettylou Guy-ton, appeals a final judgment finding Robert D. Wells a third party beneficiary of an agreement for deed and awarding him one-half of the proceeds of the agreement. The trial court also specifically ruled that the agreement for deed was not a mortgage. Wells cross-appeals that portion of the final judgment. We hold that the agreement for deed was a mortgage and that Wells was entitled to receive all payments due under the agreement for deed.
Wells and Guyton were married in 1983 and lived together until Guyton died in 1996. Shortly after their marriage, Wells transferred a piece of solely owned property to Guyton by quitclaim deed and the property remained titled only in her name. On 17 July 1984, Guyton and Wells entered into an agreement for deed (“Agreement”) with Ben DiVona and George Lewin for sale and purchase of the property which was located in Pasco County, Florida. The agreement provided that the purchasers would make monthly payments toward the purchase price of $120,000 until paid in full. The agreement refers to Guyton as “party of the first part” and to the purchasers as “parties of the second part.” However, next to Guyton’s typed name Wells’ name was handwritten, and the amendment was initialed by Guyton and Wells. In addition, both Guyton and Wells signed the agreement, with Wells’ signature appearing before Guyton’s.
After Guyton’s death, Wells collected and cashed payments from the purchasers until they were notified by Vandenberg that the payments should be made to Guyton’s estate. Wells sued for damages and to determine his rights under the Agreement. The trial court ruled that Wells was a third party beneficiary of the agreement for deed and was entitled to half of the proceeds with the other half going to Guyton’s estate. Vandenberg appeals arguing Wells was not a third party beneficiary and that the entire amount should come to the estate. Wells argues that the addition of his signature to the Agreement and the fact that he is Guyton’s surviving spouse afforded him a joint right to receive the proceeds of the Agreement.
First, the trial court’s determination that the Agreement is not a mortgage but an agreement for deed is incorrect. Section 697.01, Florida Statutes, provides:
697.01 Instruments deemed mortgages.—
(1) All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.
§ 697.01(1), Fla. Stat. (1983). This Court has held that under section 697.01(1), an agreement for deed is deemed a mortgage. White v. Brousseau, 566 So.2d 832 (Fla. 5th DCA 1990); Ricard v. Equitable Life Assur. Soc. of U.S., 462 So.2d 592 (Fla. 5th DCA 1985); Parise v. Citizens Nat. Bank, 438 So.2d 1020 (Fla. 5th DCA 1983); Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982).
Second, by adding Wells’ name to the paragraph naming the parties to the Agreement, initialing the change, and including Wells’ signature as one of the parties to the Agreement, Guyton created a tenancy by the entireties in the mortgage pursuant to section 689.115, Florida Statutes, even though she held sole title to the property sold. The fact that the phrase “party of the *455 first part” was not amended to read “parties of the first part” is of no consequence. Section 689.115 provides:
689.115 Estate by the entirety in mortgage made or assigned to husband and wife.— Any mortgage encumbering real property, or any assignment of a mortgage encumbering real property, made to two persons who are husband and wife, heretofore or hereafter made, creates an estate by the entirety in such mortgage and the obligation secured thereby unless a contrary intention appears in such mortgage or assignment.
§ 689.115, Fla. Stat. (1995) See Lauderdale v. Lauderdale, 96 So.2d 663 (Fla. 3d DCA 1957) (estate by entireties created when husband sold solely-owned property and took back mortgage payable to both husband and wife). Therefore, Wells, as surviving spouse, is entitled to receive all payments remaining under the Agreement.
REVERSED and REMANDED with directions.
DAUKSCH and PETERSON, JJ., concur.