SCHWARTZ, Chief Judge.
In the obvious absence of a provision in the mortgage which covers the mortgagors-homeowners’ claim against the builder for construction defects which caused the loss of their home in Hurricane Andrew, it is clear that the trial court correctly declined to permit the appellant, the assignee of the mortgage, to assert an interest in the recovery effected in that case. See Clay v. Girdner, 103 Fla. 135, 138 So. 490 (1931); Orlando Hyatt Assocs. v. Federal Deposit Ins. Corp., 629 So.2d 975 (Fla. 5th DCA 1993); Interdevco, Inc. v. Hollywood Federal Savings & Loan Ass’n, 523 So.2d 773 (Fla. 3d DCA 1988); VAC Dev. Corp. v. Abelleira, 330 So.2d 791 (Fla. 3d DCA 1976). The appellant’s arguments that the claim falls within the provision which secures “replacements” of the mortgaged property and that, even in the absence of an explicit mortgage provision, it has an “equitable” lien on the proceeds are completely without merit. In Re B. Schrewe, 108 B.R. 116, 118 (E.D. La. 1989)(“mortgages are strictissimi juris and are not created, extended or modified by analogy or a fine turn of language”); Clay, 103 Fla. at 135, 138 So. at 490; Interdevco, 523 So.2d at 773.
Affirmed.