STONE, J.
This is an appeal of a final judgment in foreclosure. A bankruptcy order, entered in a bankruptcy action instituted by Appel-lee, which confirmed a plan, anticipated our proceeding with this appeal. The bankruptcy order provided for a satisfaction of Appellant’s claim, but also directed that unsecured funds be set aside to cover up to $100,000 of any balance on Appellant’s claim. Therefore, this court retains jurisdiction up to that sum unrelated to the satisfaction.
We reverse the final judgment in part, as to the date that default interest (at the rate of 18%) accrued, and as to the omission of late charges. We do not consider Appellant’s claim for 25% interest, as this claim was not preserved in the trial court.
The acceleration clause in this note and mortgage was not self-executing. Therefore, notice of acceleration was required. See Parise v. Citizens Nat’l Bank, 438 So.2d 1020 (Fla. 5th DCA 1983). Appellee, Charlisa, Inc., argues that it did not receive notice of default until the publication date of the notice in this action. The suit was filed more than two years after the default.
In Central Home Trust Co. of Elizabeth v. Lippincott, 392 So.2d 931, 933 (Fla. 5th DCA 1980) (citation omitted), the court held that “[t]o constitute an acceleration after default, where the holder has the option to accelerate, the holder or payee of the note must take some clear and equivocal action indicating its intent to accelerate all payments under the .note, and such action should apprise the maker of the fact that the option to accelerate has been exercised.” “Examples of acceleration are a creditor’s sending written notice to the debtor, making an oral demand, and alleging acceleration in a pleading filed in a suit on the debt.” Id.See also Seligman v. Bisz, 123 Fla. 493, 167 So. 38 (1936) (finding where acceleration is at the option of the mortgagee, the “institution of a suit for foreclosure is the exercise of the option to declare the whole of the principal sum and interest secured by the mortgage to be due and payable”); Jaudon v. Equitable Life Assur. Soc. of United States, 102 Fla. 782, 136 So. 517 (1931) (“mere filing of suit to enforce the mortgage by foreclosure may sufficiently show [an] election to exercise [an] option to accelerate”); Parise, 438 So.2d at 1022 (internal citations omitted) (“Acceleration may be set in motion by filing a pleading in a suit on the full indebtedness.... Or it may be activated by a demand and express notice to the debtor”).
In this case, the triggering date should not be the date of the default, as Appellant *880 took no action to accelerate at that point. We also reject Appellant’s argument that the date of an earlier failed notice should apply, as that writing was ambiguous and there was no clear language of acceleration.
We conclude that the appropriate triggering date is the date the complaint, wherein Appellant clearly elected to accelerate, was filed. On remand, the accelerated interest at the rate of 18% should be re-computed from the date of November 12, 2008.
Further, in the final judgment, although a space is provided for interest and late charges, the court failed to include a sum for late charges. Because under the note Appellant was entitled to late charges, upon remand, the trial court should modify the judgment to provide for same.
As to all other issues raised, we find no reversible error or abuse of discretion. Therefore, the judgment is reversed and remanded for modification in accordance with this opinion.
TAYLOR, J., and COLBATH, JEFFREY, Associate Judge, concur.